**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPD SWISS PRECISION DIAGNOSTICS GmbH,<br><br>    Plaintiff,<br><br>  v.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>    Defendant.<br>_____ / | No. CV 09-0291 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Now before the Court is the Motion to Transfer Venue to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), filed by Defendant Church & Dwight Co., Inc. ("C&D"). Having carefully reviewed the parties' papers and the relevant legal authority, the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing set for May 1, 2009. *See* Civil L.R. 7-1(b). The Court hereby GRANTS C&D's Motion to Transfer Venue.

**BACKGROUND**

Plaintiff SPD Swiss Precision Diagnostics GmbH ("SPD") makes home pregnancy test kits under the brand Clearblue® Easy™. C&D makes a competitive line of home pregnancy test kits under the brand First Response®. Both brands are marketed and sold nationwide. (Declaration of Stacey Feldman ("Feldman Decl."), ¶ 3.) On January 22, 2009, SPD filed its complaint alleging that C&D engaged in false and misleading advertising, in violation of the

Lanham Act and California Business and Professions Code §§ 17200 and 17500. SPD also asserted a state law claim for unjust enrichment on the basis of this same conduct. On February 6, 2009, C&D filed this Motion to Transfer Venue to the District of New Jersey. The Court addresses additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.    Legal Standard.**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under Section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that SPD could have brought this suit in the District of New Jersey. (Opp. Br. at 6 n.1.) Accordingly, C&D has met its burden under the first prong.

To determine whether C&D has met its burden under the second prong, the Court considers the following factors: a plaintiff's choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

\\\

\\\

**B.     C&D Has Met Its Burden to Show That Transfer is Warranted.**

  **1.     SPD's Choice of Forum.**

  The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of the defendant's contacts with the chosen forum and the plaintiff's contacts, including those relating to the plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). There are, however, factors that diminish the deference given to a plaintiff's choice of forum. For instance, "in contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 256 (1981)). Moreover, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice of forum is only entitled to minimal consideration." *Pacific Car and Foundry Co.*, 403 F.2d at 954 (footnote omitted).

  SPD is a foreign corporation based in Switzerland and has little connection to this forum or to the transferee forum. Therefore, the Court gives less deference to SPD's choice of forum. *See Ravelo Monegro*, 211 F.3d at 513.

  SPD argues that California is affected most acutely by C&D's alleged false advertising. SPD notes California is the most populous state and, thus, has the largest market for home pregnancy test kits.[1] According to SPD, California has a substantial interest in vindicating the

---

[1] SPD has filed a Request for Judicial Notice of five exhibits, which C&D has not opposed. This request is GRANTED IN PART and DENIED IN PART. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Exhibits A-D are publicly available and easily verified. Therefore, the Court GRANTS IN PART SPD's Request for Judicial Notice as to the page from C&D's website, listing its office locations; the page from the California Business Portal website, showing that C&D's agent for service of process is located in Irvine, California; the Resident Population Census table from 1980 to 2007; and the Rank, Percentage Change, and Population Density table from 1980 to 2007. (Request for Judicial Notice Ex. A-D.) Exhibit E is a table of the median time intervals from filing to disposition of civil cases, by district and by circuit, during the twelve-month period ending March 31, 2008. (Request for Judicial Notice Ex. E.) More recent data is available that reflects the twelve-month period ending in September 30, 2008. (http://www.uscourts.gov/cgi-bin/cmsd2008.pl.) Accordingly, the Court DENIES IN PART SPD's Request for Judicial notice as to Exhibit E.

rights of consumers here. (*Id.* at 14.) As set forth above, Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought," and a district court may transfer a case to another district within the *same* state. 28 U.S.C. § 1404(a). Therefore, the Court finds it appropriate to compare the populations of the two districts at issue, rather than the two states in which those districts are located. The population of the Northern District—at 7.3 million—is substantially less than the District of New Jersey—at 8.6 million. (Declaration of Lawrence Weinstein in Further Support ("Weinstein Decl. II"), ¶¶ 4-5.) Further, the actual sales of pregnancy test kits in the New Jersey area far exceed those in the San Francisco area. (Declaration of Stacey Feldman in Further Support ("Feldman Decl. II"), ¶¶ 5-6.) Despite SPD's contentions, the Court concludes that California has no heightened interest in the subject matter of this suit.

In comparison, the District of New Jersey has a particular interest in both the parties and the subject matter. C&D developed all marketing and advertising materials for its products at its headquarters in New Jersey and at its advertising agency in New York. (Feldman Decl., ¶ 4.) New Jersey is also the site of the laboratory and clinical testing for C&D's products. (Declaration of Dr. Albert Nazareth ("Nazareth Decl."), ¶¶ 2-3.) Thus, C&D's operations in New Jersey gave rise to this Lanham Act suit.

Therefore, SPD's choice of forum is given little weight, because C&D has shown that SPD is a foreign corporation and has shown that the underlying action is not connected to the Northern District. The Court finds this factor weighs in favor of transfer.

### 2. Convenience of Parties and Witnesses.

The Court will consider the relevant convenience to all parties involved in the lawsuit of the competing forums when deciding the motion to transfer. *Gulf Oil Corp.*, 330 U.S. at 508. When considering the convenience of witnesses, the Court examines who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Indus., Inc. v. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974).

The District of New Jersey would be more convenient for C&D because it is based there. Although C&D has offices in six other states, its California office is not in the Northern

4

District.[2]  The California office has only fifteen full-time employees, and its operations are unrelated to the product in this case.  (Declaration of Stephen B. Shear ("Shear Decl."), ¶¶ 2-4.)  C&D anticipates that it will call three of its employees as witnesses, all of whom reside and work in New Jersey.  (Declaration of Lawrence Weinstein ("Weinstein Decl."), ¶ 6.)  Two of these employees filed declarations stating a California venue would "impose a significant burden" on their employment.  (Feldman Decl., ¶ 7; Nazareth Decl., ¶ 6.)  However, because these witnesses are employees of the party seeking transfer, C&D can compel their testimony at trial.  *See, e.g., Ashmore v. N.E. Petroleum Div. of Cargill, Inc.*, 925 F.Supp. 36, 38 (D. Me. 1996) ("[A] defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence may be obtained by the party.").

Either venue is inconvenient for SPD and its witnesses, because they are located outside both this forum and the transferee forum.  *See Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 484-85 (D.N.J. 1993) (finding that plaintiff, a Japanese corporation, was "already inconvenienced by having to travel thousands of miles from their homes to testify" and traveling to Minnesota would be no more inconvenient than to New Jersey despite fewer flights and lack of a non-stop flight to Minnesota).  Despite the relative inconvenience of both fora, New Jersey actually is more accessible than California.  SPD anticipates that it will call four witnesses—one from Switzerland, two from England, and one from Ohio.  (Opp'n Br. at 3-4.)  From these points of departure, the travel time to San Francisco, California, is almost twice as long than to Newark, New Jersey.  (Weinstein Decl., ¶ 6.)

SPD states that one of its main motivations for choosing a California forum was the presence of its long-standing counsel there.  SPD contends that a change in venue will force it "to undertake the additional burden of hiring and paying for local counsel who are less familiar with the company."  (Opp'n Br. at 18.)  Convenience of SPD's counsel bears no weight in the analysis of convenience of the witnesses and parties.  *See In re Horseshoe Ent.*, 305 F.3d 354,

---

[2]  SPD contends that C&D also has an office in Irvine, California.  However, based on the Request for Judicial Notice, C&D does not actual have an office location there.  Rather, the Irvine location is where C&D has designated an agent to receive service of process in California. (Request for Judicial Notice Ex. B.)

5

358 (5th Cir. 2002) (the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue); *Soloman v. Cont'l Am.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered.").

New Jersey is a substantially more convenient forum for C&D, and even a slightly more convenient forum for SPD. C&D has met its burden to show that the convenience to the parties and witnesses weighs in favor of transfer.

### 3. Ease of Access to Sources of Proof.

The Court also weighs the relative ease of access to sources of proof. *Decker Coal*, 805 F.2d at 843. C&D contends that all the foreseeable documentary evidence it will use at trial is located in New Jersey or New York. (Nazareth Decl., ¶ 5; Feldman Decl., ¶ 5.) It anticipates that SPD's documentary evidence will be located in either Ohio, England, or Switzerland. SPD contends only that the sources of proof can be computerized and the ease of access to evidence does not favor any jurisdiction.

C&D has met its burden to show that the majority of documentary evidence pertinent to this dispute is located in the New Jersey area. This factor weighs in favor of transfer.

### 4. Local Interest in the Action and Familiarity of the Forum with the Applicable Law.

Another consideration in a decision to transfer venue is the interest in having localized controversies decided at home. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Here, C&D contends New Jersey has a more localized interest in the controversy, because C&D made decisions about the content of its advertising and marketing in New Jersey and New York. (Feldman Decl., ¶ 4.)

SPD argues that California has a localized interest in the controversy for two reasons: (1) the effects of the false advertising are most significantly felt in California because of its size; and (2) SPD also alleges violations of California law. For the reasons set forth above, the Court concludes that California does not have a localized interest in this dispute.

SPD correctly argues that California has a greater familiarity with claims arising under California law. However, the Ninth Circuit "has consistently held that state common law

6

claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (citations omitted); *cf. Denbicare U.S.A., Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996) (citations omitted) (concluding that the claim under Section 17500 was properly dismissed where Lanham Act unfair competition claim was properly dismissed). Because SPD's state law claims are similar to its federal law claims, the District of New Jersey will be equally capable of deciding the state law claims.

New Jersey has a localized interest in the controversy. C&D has met its burden to show that this factor weighs in favor of transfer. However, California is more familiar with the state law claims. This factor weighs against transfer.

### 5. Administrative Difficulties Flowing from Court Congestion.

Another factor to consider is the relative court congestion in each forum. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 509). The median time from filing to disposition in civil cases is 7.7 months for the Northern District and 7.6 months for the District of New Jersey. (http://www.uscourts.gov/cgi-bin/cmsd2008.pl). C&D has met its burden to show the districts are similarly congested. This factor is neutral.[3]

### CONCLUSION

The Court finds that, on balance, the factors weigh in favor of transfer. Therefore, C&D has met its burden of overriding SPD's choice of forum, its motion is granted, and this action shall be transferred to the District of New Jersey. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: April 13, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] The Court finds that C&D did not file this Motion to Transfer for purposes of delay.

7